**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GOLDEN GATE NATIONAL SENIOR CARE, LLC, *et al.*, | CIVIL ACTION NO. 3:CV-14-1957 |
| Petitioners, | (JUDGE CAPUTO) |
| v. | |
| SANDRA M. LANE, as Executrix for the Estate of PAULINE M. ROHRBACH, deceased, | |
| Respondent. | |

### MEMORANDUM

Presently before me are Respondent's[1] Motion to Dismiss the Petition for Order Compelling Arbitration (Doc. 7) and Petitioners'[2] Motion to Compel Alternative Dispute Resolution. (Doc. 9.) Because subject-matter jurisdiction over the action exists and abstention under the *Colorado River* doctrine is not appropriate, Respondent's motion to dismiss will be denied. As to Petitioners' motion to compel, because it is not subject to review pursuant to the Rule 12(b)(6) standard, the motion to compel will be denied without prejudice and the parties will be permitted to engage in limited discovery. But, because a stay of the proceedings commenced by Respondent in state court is necessary to aid in the exercise of jurisdiction over this action, the state court proceedings will be stayed during the pendency of the Petition for Order Compelling Alternative Dispute Resolution.

---

[1]  Respondent is Sandra M. Lane ("Lane"), as Executrix for the Estate of Pauline M. Rohrbach, deceased ("Rohrbach").

[2]  Petitioners are Golden Gate National Senior Care, LLC; GGNSC Tunkhannock, LP d/b/a Golden Living Center-Tunkhannock; GPH Tunkhannock, GP, LLC; GPH Tunkhannock, LP; GGNSC Tunkhannock GP, LLC; GGNSC Equity Holdings, LLC; GGNSC Holdings, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; and Golden Gate Ancillary, LLC (collectively, "Petitioners").

**I. Background**

On July 30, 2012, Rohrbach was admitted into the Golden Living Center-Tunkhannock facility, a nursing home located in Wyoming County, Pennsylvania. (Doc. 1, ¶ 20.) Rohrbach died on August 28, 2012. (*Id*. at Ex. A, ¶ 1.) Respondent Lane, Rohrbach's daughter and the Executrix of her mother's estate, filed a writ of summons against Petitioners in the Court of Common Pleas of Wyoming County, Pennsylvania on June 20, 2014 (the "state action"). (*Id*. at ¶ 30.) Named as defendants in the state action are Petitioners, as well as Denise Curry ("Curry"), Petitioners' regional vice president and a citizen of Pennsylvania. (*Id*. at Ex. A, ¶ 28.) Respondent ultimately filed the complaint in the state action on or about September 19, 2014, and the complaint asserts claims against Petitioners and Curry relating to the treatment and care of Rohrbach during her stay at Golden Living Center-Tunkhannock. (*Id*. at Ex. A.) On October 8, 2014, Petitioners filed preliminary objections in the state action, raising, among other objections, that the matter should be sent to alternative dispute resolution pursuant to the parties' Alternative Dispute Resolution Agreement ("ADR Agreement"). (Doc. 13, 5.) That same day, Petitioners filed the instant Petition for Order Compelling Alternative Dispute Resolution in this Court, seeking to compel alternative dispute resolution, to stay the state action, and to grant declaratory relief. (Doc. 1.)

Petitioners contend that Lane had express authority to act on behalf of Rohrbach under a Durable Power of Attorney Agreement ("POA Agreement"), dated February 22, 2007. (Doc. 1, ¶ 22 and Ex. C.) Petitioners also assert that pursuant to the POA Agreement, Lane, on Rohrbach's behalf, entered into a valid ADR Agreement when she was admitted to the Golden Living Center. (*Id*. at ¶ 21 and Ex. B.) The ADR Agreement provides that it "applies to any and all disputes arising out of or in any way relating to this Agreement or to [Rohrbach's] stay at the Facility," and that any disputes covered by the

2

ADR Agreement "shall be resolved exclusively by an ADR process that shall include mediation and, where mediation is not successful, binding arbitration." (*Id*. at Ex. B, 1-2.) The first page of the ADR Agreement includes the following provision:

> **THE PARTIES UNDERSTAND, ACKNOWLEDGE, AND AGREE THAT THEY ARE SELECTING A METHOD OF RESOLVING DISPUTES WITHOUT RESORTING TO LAWSUITS OR THE COURTS, AND THAT BY ENTERING INTO THIS AGREEMENT, THEY ARE GIVING UP THEIR CONSTITUTIONAL RIGHT TO HAVE THEIR DISPUTES DECIDED IN A COURT OF LAW BY A JUDGE OR JURY, THE OPPORTUNITY TO PRESENT THEIR CLAIMS AS A CLASS ACTION AND/OR TO APPEAL ANY DECISION OR AWARD OF DAMAGES RESULTING FROM THE ADR PROCESS EXCEPT AS PROVIDED HEREIN.**

(*Id*. at Ex. B, 1 (emphasis in original).)

On October 29, 2014, Respondent moved to dismiss the Petition. (Doc. 7.) Respondent contends that the Petition should be dismissed for lack of subject-matter jurisdiction, that I should abstain from exercising jurisdiction over the action, and that I lack authority to grant the stay requested by Petitioners. (Doc. 8.) Petitioners filed a timely brief in opposition to Respondent's motion to dismiss. (Doc. 13.)

While Respondent's motion to dismiss was pending, Petitioners filed a motion to compel alternative dispute resolution. (Doc. 9.) Respondent filed a timely brief in opposition to the motion on November 14, 2014, (Doc. 14), and Petitioners filed a reply brief in further support of their motion on November 21, 2014. (Doc. 17.)  The motion to dismiss and motion to compel are now fully briefed and ripe for disposition.

## II. Discussion

### A. Motion to Dismiss

Respondent raises three arguments in support of her motion to dismiss.  First, she contends that subject-matter jurisdiction is lacking because Petitioners failed to join a necessary and indispensable party to this proceeding, *i.e.,* Curry, and as she is a citizen of

Pennsylvania, her presence as a party in this proceeding would defeat diversity jurisdiction.[3] Second, Respondent asserts that the Petition should be dismissed pursuant to the *Colorado River* doctrine. Lastly, she claims that I lack authority to grant the Petition under the Anti-Injunction Act.

Although these issues are before me for the first time, two of my colleagues on this Court recently addressed these exact issues in cases that are nearly identical to the instant action. *See GGNSC Equity Holdings, LLC v. Breslin*, No. 14-450, 2014 WL 5463856 (M.D. Pa. Oct. 27, 2014) (Caldwell, J.); *Golden Gate Nat'l Senior Care, LLC v. Addison*, 14-421, 2014 WL 4792386 (M.D. Pa. Sept. 24, 2014) (Rambo, J.). And, like Judge Caldwell and Judge Rambo, I will deny the motion to dismiss the Petition for Order Compelling Alternative Dispute Resolution.

First, Curry is not an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Rule 19 sets forth a two-step process: (1) first I must determine whether the absent party is "necessary" under Rule 19(a); and (2) if the party is "necessary" and joinder is not feasible, then I must decide whether the party is "indispensable" under Rule 19(b). *See, e.g., Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). If a party is then held to be indispensable under Rule 19(b), "the action cannot go forward." *Gen. Refractories Co.*, 500 F.3d at 312 (citing *Janney Montgomery Scott v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993)).

Here, Curry is a necessary party under Rule 19(a). Curry has an interest in this

---

[3] Although a party may petition a district court which would have jurisdiction over the underlying dispute for an order compelling arbitration under the Federal Arbitration Act, "the FAA does not confer federal question jurisdiction upon the court." *Manor Care of Camp Hill, PA, LLC v. Fleagle*, No. 13-2449, 2013 WL 6185604, at *1 n.1 (M.D. Pa. Nov. 25, 2013) (Conner, C.J.) (citation omitted). "Thus, the court must have an independent basis for subject-matter jurisdiction over the underlying claims." *Id.* Here, Petitioners assert diversity jurisdiction pursuant to 28 U.S.C. § 1332.

action because the ADR covers all claims against Petitioners and her, and there is a risk that the parties could incur inconsistent obligations if different determinations on the enforceability of the ADR Agreement are reached in this case and the state action. *See Breslin*, 2014 WL 5463856, at *3. Moreover, joinder of Curry to this action is not feasible because it would destroy diversity of citizenship. *See Gen. Refractories Co.*, 500 F.3d at 312 (joinder is not feasible where it would defeat diversity of citizenship).

Because Curry should be joined but her joinder is not feasible, I must determine whether she is an indispensable party under Rule 19(b). Under Rule 19(b), I must ascertain "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). This determination involves consideration of: (1) the extent to which a judgment rendered in the person's absence might prejudice either that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment without the person would be adequate; and (4) whether the plaintiff would otherwise have an adequate remedy if the action were dismissed. *Id*.

I am in agreement with Judge Caldwell and Judge Rambo that Curry is not an indispensable party under Rule 19(b). *See Breslin*, 2014 WL 5463856, at *4; *Addison*, 2014 WL 4792386, at *6-8. In this case, "[t]he potential prejudice to Respondent resulting from inconsistent procedural remedies is minimal." *Breslin*, 2014 WL 5463856, at *4 (citations omitted). Additionally, while Respondent may be required to resolve disputes in two forums, this "occurs because the FAA requires piecemeal resolution when necessary to give effect to an arbitration agreement." *Id*. (citation omitted). As to the third factor, Respondent acknowledges she "can receive an adequate judgement against the Petitioners, separately whether in arbitration or otherwise." (Doc. 8, 8.) And, while the "fourth factor weighs in favor of finding Curry indispensable," this factor alone is insufficient to conclude that Curry is

5

indispensable under Rule 19(b). *Breslin*, 2014 WL 5463856, at *4. Therefore, Curry is not an indispensable party, and the action may proceed in her absence.

Second, abstention under the *Colorado River* doctrine is not warranted. "The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299 (3d Cir. 2009) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)). "A threshold issue that must be decided in any *Colorado River* abstention case is whether the two actions are parallel. If they are not, then the district court lacks the power to abstain." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). In this case, "the remedies sought in each forum are different. In the federal action, petitioners seek to compel arbitration; in the state court action, the respondent/plaintiff seeks monetary damages for the alleged torts. This difference alone is enough to show that the proceedings are not parallel under Third Circuit case law." *Breslin*, 2014 WL 5463856, at *5 (citation and quotation omitted); *see also Addison*, 2014 WL 4792386, at *9 (concluding that the proceedings were not parallel); *GGNSC Lancaster v. Roberts*, No. 13-5291, 2014 WL 1281130, at *3 (E.D. Pa. Mar. 31, 2014) (Stengel, J.) (finding, in similar circumstances, that the state and federal court proceedings were not parallel). Thus, because the proceedings are not parallel, *Colorado River* abstention is not appropriate in this case.[4]

---

[4] Moreover, even if the proceedings were parallel, the factors relevant to the *Colorado River* analysis weigh against abstention here for the reasons explained by Judges Caldwell, Rambo, and Stengel. *See Breslin*, 2014 WL 5463856, at *5 n.5; *Addison*, 2014 WL 4792386, at *9-12; *Roberts*, 2014 WL 1281130, at *4-5; *but see Golden Gate Nat'l Senior Care v. Minich*, No. 14-219 (McHugh, J.) (in similar case, granting the respondent's motion to dismiss pursuant to the *Colorado River* doctrine and dismissing the petitioners' petition for order compelling alternative dispute resolution). I agree with the reasoning in *Breslin*, *Addison*, and *Roberts* and will adopt it without repeating the analysis herein.

Third, Respondent's request for dismissal based on the Anti-Injunction Act will be denied. The Anti-Injunction Act states that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Notably, "[a]uthority to grant injunctions during the pendency of petitions to compel arbitration exists under the second exception to the Anti-Injunction Act." *Breslin*, 2014 WL 5463856, at *5; *see also Addison*, 2014 WL 4792386, at *15; *Manor Care of Camp Hill, PA, LLC v. Fleagle*, No. 13-2449, 2013 WL 6185604, at *4 (M.D. Pa. Nov. 25, 2013) (Conner, C.J.) ("the court may order an injunction pending arbitration under the second exception to the Anti-Injunction Act because it is necessary in aid of exercising the court's jurisdiction over the petition to compel arbitration."). Thus, the state court proceedings can be stayed pursuant to the Anti-Injunction Act.

Accordingly, Respondent's motion to dismiss the Petition will be denied.

**B.    Motion to Compel Alternative Dispute Resolution**

The other motion before me is Petitioners' motion to compel alternative dispute resolution. In their motion, Petitioners contend that a valid and enforceable ADR Agreement exists between the parties, and that the dispute between the parties falls within the provisions of that agreement. Petitioners request that the state court proceeding initiated by Respondent be stayed and that Respondent be ordered to mediate, and arbitrate if mediation is unsuccessful, the claims brought by Respondent in the state action. Respondent opposes the motion to compel and asserts, on various grounds, that the ADR Agreement is unenforceable and the motion to compel should be denied.

As a threshold issue, I must resolve the applicable standard of review governing Petitioners' motion to compel. Petitioners argue that the motion to compel should be reviewed under the motion to dismiss standard (Docs. 10, 6; Doc. 17, 3-5), while

Respondent counters that the motion to compel is to be reviewed pursuant to the summary judgment standard. (Doc. 14, 4-5.)

In *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 767 (3d Cir. 2013), the Third Circuit "clarif[ied] the standards to be applied to motions to compel arbitration" and "identif[ied] the circumstances under which district courts should apply the standard for a motion to dismiss, as provided by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and those under which they should apply the summary judgment standard found in Rule 56." According to *Guidotti*, "where the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or documents relied upon in the complaint),' 'the FAA would favor resolving a motion to compel arbitration under a motion to dismiss standard without the inherent delay of discovery.'" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773-74 (3d Cir. 2013) (alternations and internal citation omitted) (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 479 (E.D. Pa. 2011)).

However, review under the Rule 12(b)(6) standard is inappropriate "when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate," *id*. at 774 (quoting *Somerset*, 832 F. Supp. 2d at 482), "or the opposing party has come forth with reliable evidence that is more than a 'naked assertion that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did," *id*. (quoting *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 55 (3d Cir. 1980)). "Under the first scenario, arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record." *Id*. In comparison, the second scenario occurs when the complaint and documents incorporated therein facially establish arbitrability but the non-movant comes forward with sufficient evidence in opposition to the motion to compel to place the

question of arbitrability at issue. *Id*. Under both of these scenarios, the motion to compel is to be judged under the Rule 56 standard. *See id*. In such circumstances, a "restricted inquiry into factual issues [is] necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate," and the non-movant "must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement." *Id*. at 774-75 (citations and quotations omitted).

> In short:
>
> when it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Somerset*, 832 F.Supp.2d at 482. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id*. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. . . .

*Id*. at 776.

Petitioners' motion to compel will be denied without prejudice to the filing of a renewed motion after the parties engage in discovery. Here, the ADR Agreement is not mentioned or referred to in Respondent's state court complaint. (Doc. 1, Ex. A.) Likewise, the ADR Agreement is not attached as an exhibit to the state court complaint. (*Id*.) In accordance with *Guidotti*, as arbitrability is not "apparent on the face of the complaint, the motion to compel arbitration *must be denied* pending further development of the factual record." *Guidotti*, 716 F.3d at 774 (emphasis added). In other words, "Petitioner's motion to compel does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate." *Breslin*, 2014 WL 5463856, at *6 (denying motion to compel without prejudice and allowing parties to engage in limited discovery).

Moreover, the arguments advanced by Petitioners do not warrant review of the

motion to compel under the Rule 12(b)(6) standard. First, Petitioners assert that the motion to dismiss standard is the appropriate standard of review, even though the ADR Agreement is not attached to or referred in the complaint, because the agreement is "undisputedly authentic." But, Respondent's claims against Petitioners sound in negligence and are not based on the ADR Agreement. Thus, because I may only consider "undisputedly authentic documents if the complainant's claims are based upon these documents," *Guidotti*, 716 F.3d at 772, review of the motion to compel under the Rule 12(b)(6) standard on this basis is not appropriate.

Second, Petitioners contend that review under the Rule 12(b)(6) standard is required because Respondent failed to respond to its motion with additional facts to place the agreement to arbitrate at issue. However, as stated in *Breslin*, "[u]nder the Third Circuit's holding in *Guidotti*, the plaintiff only has the burden to plead additional facts to place the agreement in issue if the complaint is clear the parties agreed to arbitrate." *Breslin*, 2014 WL 5463856, at *7. As there is no suggestion in the complaint or the documents attached thereto that the parties agreed to arbitrate, Respondent need not come forward with such facts to avoid application of the Rule 12(b)(6) standard to review of the instant motion to compel. *See id*. at *7; *accord Kocjancic Bayveiw Asset Mgmt., LLC*, No. 14-4037, 2014 WL 5786900, at *2 (E.D. Pa. Nov. 6, 2014) ("the issue of arbitrability is not apparent from the face of Plaintiff's Complaint, since she neither refers to the parties' arbitration agreement nor attaches it to her complaint. Accordingly, the court will apply the summary judgment standard."); *Alexander v. Raymours Furniture Co.*, No. 13-5387, 2014 WL 3952944, at *3 (E.D. Pa. Sept. 13, 2014) (applying summary judgment standard where "the existence of an agreement to arbitrate [was] not apparent from the face of Alexander's Complaint, which [did] not mention Raymour's Arbitration Program or the Associate Handbook," but deciding the case without discovery where it was not requested); *Pierce v. Calvary SPV I, LLC*, No.

13-588, 2013 WL 6773632, at *7 (W.D. Pa. Dec. 20, 2013) (denying motion to compel without prejudice where although the complaint recognized "the existence of a credit card agreement, the agreement [was] not attached to the complaint, nor [was] the arbitration provision of the agreement apparent on the face of Plaintiff's complaint."); *Hughes v. Kolaras*, No. 13-57, 2013 WL 5797735, at *7 (D.N.J. Oct. 28, 2013) (denying motion to compel without prejudice); *cf. Porreca v. Rose Grp.*, No. 13-1674, 2013 WL 6498392, at *7 (E.D. Pa. Dec. 11, 2013) (noting that the court granted limited discovery because "the Complaint did not make clear that the parties' dispute was subject to arbitration and Plaintiffs put forth evidence suggesting that the agreement to arbitrate was unconscionable").

Accordingly, Petitioners' motion to compel is not reviewable under the Rule 12(b)(6) standard, and Respondent is entitled to limited discovery. Petitioners' motion will therefore be denied without prejudice to renewal after the parties engage in discovery. Consistent with *Guidotti*, discovery is necessary concerning the validity of the ADR Agreement and "whether there was a meeting of the minds on the agreement to arbitrate." *Guidotti*, 716 F.3d at 774. Likewise, Respondent claims that the ADR Agreement is unconscionable, and the *Guidotti* court noted that "[p]re-arbitration discovery has also been allowed to determine whether an arbitration clause is unconscionable." *Id*. at 774 n.5. The parties will be granted sixty days from the date of entry of the accompanying order to engage in discovery on these issues. *Cf. Breslin*, 2014 WL 5463856, at *7 (granting sixty days to engage in limited discovery). As Petitioners' motion to compel will be denied without prejudice to allow the parties the opportunity to engage in discovery, the remaining arguments in support of and in opposition to the motion to compel will not be addressed at this time.

However, although the motion to compel will be denied without prejudice, I will grant Petitioners' request to stay the state court proceedings initiated by Respondent. For the

reasons explained above, a district court may stay state court proceedings if the injunction is necessary to aid in the exercise of its jurisdiction. *See Breslin*, 2014 WL 5463856, at *8 (citing *Fleagle*, 2013 WL 6185604, at *4; *Roberts*, 2014 WL 1281130, at *4 n.19).  As such a stay is necessary here, the state court proceedings in the Court of Common Pleas of Wyoming County will be stayed during the pendency of the Petition. *See, e.g., id*. at *8.

### III. Conclusion

For the above stated reasons, Respondent's motion to dismiss will be denied, and Petitioner's motion to compel alternative dispute resolution will be denied without prejudice to the motion being renewed after the parties engage in limited discovery.  However, Petitioners' request to stay the state action during the pendency of the Petition will be granted.

An appropriate order follows.


March 4, 2015                                      /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                              United States District Judge